## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| DICKINSON N. ADIONSER, | ) ) ) | |
| Plaintiff, *pro se*, | ) ) | |
| v. | ) ) | **Civil Case No. 10-027 (RJL)** |
| DEPARTMENT OF JUSTICE, *et al.*, | ) ) | |
| Defendants. | ) ) ) | |

### MEMORANDUM OPINION
(September/5, 2011) [#16 and #26]

Plaintiff Dickinson Norman Adionser ("plaintiff") brings this *pro se* action against

the Department of Justice ("DOJ" or "defendant"), Executive Office for United States

Attorneys ("EOUSA"), Federal Bureau of Investigation ("FBI"), Federal Bureau of

Prisons ("BOP"), and Drug Enforcement Administration ("DEA") for failure to disclose

information pursuant to the Freedom of Information Act ("FOIA") and the Privacy Act.[1]

Plaintiff seeks material to challenge collaterally convictions that resulted in his

imprisonment. Before this Court is defendant's Motion for Summary Judgment and

plaintiff's Cross-Motion for Summary Judgment. After due consideration of the parties'

---

[1] Defendants move to dismiss EOUSA, FBI, DEA, and BOP, contending they are not
proper parties to this action. Def.'s Mot. for Summ. J. ("Def.'s Mot.") at 4, July 12,
2007. FOIA provides a cause of action against federal agencies only. *See Sherwood Van
Lines, Inc. v. U.S. Dep't of Navy*, 732 F. Supp. 240, 241 (D.D.C. 1990). Components of
federal agencies are not covered by FOIA. *Blackwell v. FBI*, 680 F. Supp. 2d 79, 86 n.1
(D.D.C. 2010). Because EOUSA, FBI, DEA, and BOP are components of DOJ, and it is
DOJ that is an agency covered by FOIA, DOJ is the proper defendant in this case. *See* 5
U.S.C. § 552(f)(1). Thus, EOUSA, FBI, DEA, and BOP are dismissed.

pleadings, the relevant law, and the entire record herein, defendant's motion is

GRANTED and plaintiff's motion is DENIED.

## BACKGROUND

Plaintiff is a federal inmate incarcerated at the McRae Correctional Facility in

Georgia. *See* Docket Entry No. 8, Mar. 22, 2010. Plaintiff pleaded guilty to and is

currently serving a sentence of 240 months in prison for conspiracy to distribute and

possession with intent to distribute heroin in violation of 21 U.S.C. §§ 846, 841(a)(1),

and 841(b)(1)(A)(i). *Adionser v. United States*, 2006 WL 2709694, at *1-2 (E.D. Va.

Sept. 21, 2006).

Between the years of 2004 and 2009, plaintiff submitted a total of twelve FOIA

requests to defendant. Specifically, he submitted three requests to EOUSA (Request Nos.

07-3339, 08-4329, 09-1047); two to FBI (Request Nos. 1074188-00 and 1117918-00);

two to BOP (Request Nos. 2005-01434 and 2007-05753); and five to DEA (Request Nos.

07-0749-P, 07-0730-F, 08-0101-F, 08-1431-P, 09-0386-P).[2]  Although EOUSA, FBI,

BOP, and DEA released in full and, in part, some of the documents responsive to

plaintiff's request, it redacted or withheld from release the remainder pursuant to Federal

Rule of Criminal Procedure 6(e) ("Rule 6(e)"); FOIA exemptions 2, 3, 5, 6, 7(A), 7(C),

---

[2] *See* EOAUSA Ex. C to Def.'s Mot.; EOUSA Ex. O to Def.'s Mot., Nov. 18, 2008;
EOUSA Ex. R to Def.'s Mot., Jan. 6, 2009; FBI Ex. B to Def.'s Mot., Feb. 9, 2007; FBI
Ex. D to Def.'s Mot., July 30, 2008; BOP Ex. C to Def.'s Mot., Nov. 18, 2004; BOP Ex.
W to Def.'s Mot., Apr. 16, 2007; DEA Ex. F to Def.'s Mot., Feb. 9, 2007; DEA Ex. H to
Def.'s Mot., July 25, 2007; DEA Ex. U to Def.'s Mot., July 12, 2007; DEA Ex. CC to
Def.'s Mot., July 30, 2008; DEA Ex. MM to Def.'s Mot., Jan. 7, 2009.

7(D), 7(E), 7(F); and Privacy Act exemption j(2).[3]  Further, DEA and BOP declined to release documents and recordings for which third party authorization was not provided.[4]

On January 6, 2010, plaintiff filed this lawsuit against defendant, alleging it had failed to comply with FOIA and the Privacy Act.[5]  *See* Docket Entry 1.  On July 9, 2010, defendant filed a motion for summary judgment contending that it fulfilled its FOIA and Privacy Act obligations.  Def.'s Mot. at 1.  On December 20, 2010, plaintiff filed a cross-motion for summary judgment, asserting that defendant has not shown that it conducted adequate searches for responsive documents, did not reasonably segregate non-exempt information from statutorily exempt information, and did not establish that any of the exemptions claimed were appropriate.  *See* Pl.'s Opp'n at 3-4 (EOUSA), 12-14 (FBI), 22 (DEA), 40 (BOP).[6]  Plaintiff further asserts that the declaration of David M. Hardy ("Hardy Decl."), Section Chief of the FBI's Record Management Division in charge of

---

[3] *See* EOUSA Ex. H to Def.'s Mot., May 28, 2008; EOUSA Ex. Q to Def.'s Mot., Mar. 20, 2009; EOUSA Ex. T to Def.'s Mot., June 11, 2009; FBI Ex. C to Def.'s Mot., Apr. 2, 2007; FBI Ex. E to Def.'s Mot., Aug. 20, 2008; FBI Ex. F to Def.'s Mot., Sept. 17, 2008; FBI Ex. H to Def.'s Mot., Dec. 31, 2008; DEA Ex. L to Def.'s Mot., Oct. 17, 2007; DEA Ex. S to Def.'s Mot., Mar. 19, 2008; DEA Ex. T to Def.'s Mot., Mar. 26, 2008; DEA Ex. Z to D to Def.'s Mot., June 18, 2008; DEA Ex. Z to Def.'s Mot., June 18, 2008; DEA Ex. HH to Def.'s Mot., May 14, 2009; DEA Ex. RR to Def.'s Mot., June 25, 2009.

[4] *See* BOP Ex. H to Def.'s Mot., Mar. 17, 2005; BOP Ex. J to Def.'s Mot., May 8, 2005; BOP Ex. R to Def.'s Mot., Apr. 24, 2006; BOP Ex. X to Def.'s Mot., May 23, 2007; DEA Ex. H to Def.'s Mot., July 25, 2007.

[5] FBI subsequently conducted a second search for responsive documents for FOIA request number 1074188-00.[5]  Declaration of David M. Hardy ¶ 22, FBI Ex. A, June 28, 2010.  DEA also conducted a second search for responsive documents for FOIA request numbers 08-1431-P, 07-0749-P, and 09-0386-P.  Declaration of Katherine L. Myrick ¶ 49, DEA Ex. A to Def.'s Mot., June 7, 2010.

[6] Plaintiff does not challenge the reasonableness of the search conducted by BOP.

responding to FOIA and Privacy Act requests, and the *Vaughn* indices[7] submitted by

EOUSA and DEA are inadequate.[8] *See* Pl. Opp'n at 4 (EOUSA), 12 (FBI), and 29

(DEA).  For all the reasons set forth below, this Court disagrees and GRANTS summary

judgment in favor of defendant.

## ANALYSIS

I.     *Summary Judgment Standard*

"When assessing a motion for summary judgment under FOIA, the Court shall

determine the matter *de novo*." *Judicial Watch, Inc. v. U.S. Dep't of Homeland Sec.*, 598

F. Supp. 2d 93, 95 (D.D.C. 2009) (citing 5 U.S.C. § 552(a)(4)(B)).  Summary judgment is

appropriate when the record demonstrates that there is no genuine issue of material fact in

dispute and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ.

P. 56(a).  The moving party bears the burden, and the court will draw "all justifiable

inferences" in the favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477

U.S. 242, 255 (1986).  Nevertheless, the non-moving party "may not rest upon the mere

allegations or denials of his pleading, but . . . must set forth specific facts showing that

there is a genuine issue for trial." *Id.* at 248 (internal quotations omitted).  Factual

assertions in the moving party's affidavits may be accepted as true unless the opposing

party submits its own affidavits, declarations, or documentary evidence to the contrary.

*Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992).

In a FOIA action, an agency must "demonstrate beyond material doubt that its

---

[7] A *Vaughan* index is an index of documents that include justifications for an agency's
full or partial withholdings.
[8] Plaintiff does not challenge the adequacy of the *Vaughn* index submitted by BOP.

search was 'reasonably calculated to uncover all relevant documents.'" *Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 325 (D.C. Cir. 1999) (quoting *Truitt v. Dep't of State*, 897 F.2d 540, 542 (D.C. Cir. 1990)).  To meet its burden, the agency may submit affidavits or declarations that explain in reasonable detail the scope and method of the agency's search, which, in the absence of contrary evidence, are sufficient to demonstrate an agency's compliance with FOIA. *See Perry v. Block*, 684 F.2d 121, 126-27 (D.C. Cir. 1982) (per curiam).

Further, with respect to an agency's non-disclosure decisions, the court may rely on affidavits or declarations if they describe "the justifications for non disclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981).  Such affidavits or declarations are accorded "a presumption of good faith, which cannot be rebutted by purely speculative claims about the existence and discoverability of other documents." *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (internal quotation omitted).  "Ultimately, an agency's justification for invoking a FOIA exemption is sufficient if it appears logical or plausible." *Wolf v. CIA*, 473 F.3d 370, 374-75 (D.C. Cir. 2007) (internal quotations omitted).

II.    *Adequacy of the EOUSA and DEA Vaughn Indices and the Hardy Declaration*

The EOUSA *Vaughn* Index and the DEA *Vaughn* Index, together with the declaration of Katherine L. Myrick ("Myrick Declaration"), are sufficiently specific,

5

detailed, and separable to satisfy defendant's burden under *Vaughn*. *See Johnson v. Exec. Office for U.S. Attys.*, 310 F.3d 771, 774 (D.C. Cir. 2002); *Judicial Watch, Inc. v. FDA*, 449 F.3d 141, 146 (D.C. Cir. 2006).  They provide a detailed description of each document withheld in whole or in part, including the total number of pages of the document, date of the document (when applicable), and the author and intended recipient of the document (when known).  *See* EOUSA *Vaughn* Index; DEA *Vaughn* Index. Further, they provide the statutory provisions under which the information is withheld for each document and an explanation as to why that information should be exempted under the applicable statutory provisions.  *Id.*

Additionally, the Hardy Declaration is sufficiently specific, detailed, and separable to satisfy defendant's burden under *Vaughn* because the declaration provides "a reasonable basis to evaluate [each] claim of privilege." *See Judicial Watch*, 449 F.3d at 146 (internal quotation omitted); *see also Fischer v. U.S. Dep't of Justice*, 596 F. Supp. 2d 34, 43-44 (D.D.C. 2009).  In particular, the Hardy Declaration explains that each redaction or withheld page is annotated with one or more codes that reference the FBI's reasoning for why documents are redacted or withheld and that refer back to detailed explanations laid out in the Declaration.  Hardy Decl. ¶¶ 25-26; FBI Ex. I to Def.'s Mot. The explanations contain the statutory provisions under which the information is withheld as well as the subcategories, which explain in more detail what the information is and why the information should be exempted under the applicable statutory provisions. *See* Hardy Decl. ¶¶ 27; 30, 32, 42, 44, 46, 49, 52.

*III.    Adequacy of the Searches*

An agency's search is adequate if its methods are reasonably calculated to locate records responsive to a FOIA request. *See Oglesby v. U.S. Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990). An agency need not search every records system so long as it conducts "a reasonable search tailored to the nature of a particular request." *Campbell v. U.S. Dep't of Justice*, 164 F.3d 20, 28 (D.C. Cir. 1998). Indeed, "the adequacy of a FOIA search is generally determined not by the fruits of the search, but by the appropriateness of the methods used to carry out the search." *Iturralde v. Comptroller of the Currency*, 315 F.3d 311, 315 (D.C. Cir. 2003) (internal citation omitted); *see Hornbostel v. U.S. Dep't of the Interior*, 305 F. Supp. 2d 21, 28 (D.D.C. 2003).

Here, plaintiff is challenging the adequacy of the EOUSA's search based on the *results* of the search rather than the actual *method* by which the EOUSA conducted its search. *See* Pl.'s Opp'n ¶¶ 6-7, 9-12. However, as our case law makes clear, ultimately, the results of a search do not determine whether the search is adequate. Here, the procedures described in the declarations of Dione J. Stearns ("Stearns Decl.") and Doreen Gonzoph ("Gonzoph Decl.") explain in reasonable detail the scope and method of the EOUSA's search. *See* Stearns Decl. ¶¶ 12, 27; Gonzoph Decl. ¶¶ 5-7, 9-10. The database searched allowed EOUSA to conduct a search by using an individual's name or case number—which is appropriate given plaintiff's request for records pertaining to his criminal case. *See* Stearns Decl. ¶¶ 5, 19, 23, 27; Gonzoph Decl. ¶ 5. Thus, Stearns and Gonzoph declarations sufficiently demonstrate the EOUSA's compliance with FOIA's search requirements.

7

*a. FBI Search*

Although plaintiff challenges the adequacy of the FBI's search for records

pursuant to request number 1074188-00, plaintiff has failed to exhaust his administrative

remedies and, therefore, judicial review is barred.[9]  *See Hidalgo v. FBI*, 344 F.3d 1256,

1258-59 (D.C. Cir. 2003); *Dettmann v. U.S. Dep't of Justice*, 802 F.2d 1472, 1476

(D.D.C. 1986) ("[E]xhaustion of [administrative] remedies is required in FOIA cases.").

*b. DEA Search*

The Myrick Declaration sufficiently demonstrates the DEA's compliance with

FOIA's search requirements.[10]  *See Perry*, 684 F.2d at 127.  Although it is unclear on

what basis plaintiff is challenging the adequacy of the DEA's searches,[11] the procedures

---

[9] Plaintiff alleges for the first time that the FBI failed timely to respond to his FOIA
request within the statutorily required twenty days. Pl.'s Opp'n ¶ 51; *see* 5 U.S.C. §
552(a)(6)(C)(i); *Citizens for Responsibility & Ethics in Washington v. Bd. of Governors
of Fed. Reserve Sys.*, 669 F. Supp. 2d 128, 129 (D.D.C. 2009). However, because FBI
responded to plaintiff's request prior to the filing of his complaint, plaintiff has not
constructively exhausted his administrative remedies and judicial review is barred. *Id.*
("[W]hen an agency responds to the request after the twenty-day statutory window but
before the requester initiates a lawsuit, the administrative exhaustion requirement still
applies and judicial review is barred."). Although plaintiff exhausted his administrative
remedies with respect to request number 1117908-00, *see* Compl. at p. 4, he does not
challenge the adequacy and reasonableness of that search. *See* Pl.'s Opp'n ¶¶ 55-64.
[10] Because EOUSA identified responsive documents and referred them to DEA for
Request Numbers 06-0565-P and 08-1343-P, DEA did not conduct a separate search for
responsive documents for those requests.
[11] A liberal reading of the briefing suggests that plaintiff challenges the adequacy of
DEA's original searches based on the timeliness of the searches. Pl.'s Opp'n ¶¶ 102-04,
110-12, 122, 125-27, 134. However, an "untimely response does not entitle plaintiff to
judgment in his favor." *Jacobs v. Federal Bureau of Prisons*, 725 F. Supp. 2d 85, 89
(D.D.C. 2010) (internal citation omitted). "Once the Court determines that the agency
has, however belatedly, released all nonexempt material, [it has] no further judicial
function to perform under the FOIA." *Id.* (internal quotation omitted); *see Tijerina v.
Walters*, 821 F.2d 789, 799 (D.C. Cir. 1987). As discussed in Section VI, DEA has

described in the Myrick Declaration explain in reasonable detail the scope and method of the agency's search, and sufficiently demonstrates the DEA's compliance with FOIA's search requirements. *See* Myrick Decl. ¶¶ 56, 58-60; *Campbell*, 164 F.3d at 28; *Perry*, 684 F.2d at 127. Because the Investigative Reporting and Filing System ("IRFS") is the only DEA records system that would contain criminal investigative records responsive to plaintiff's request seeking all DEA records relating to him, *see* Myrick Decl. ¶ 53, it is reasonable that documents pertaining to plaintiff and his criminal case would be found within the IRFS. DEA used the Narcotics and Dangerous Drugs Information System ("NADDIS") to retrieve records from IRFS. *Id.* ¶ 55. Thus, the search was reasonably tailored to plaintiff's request. *See Campbell*, 164 F.3d at 28.

### IV.    Segregability

An agency claiming that a document is exempt under FOIA must, after excising the exempted information, release any reasonably segregable information unless the non-exempt information is inextricably intertwined with the exempt information. *Trans-Pac. Policing Agmt. v. U.S. Customs Serv.*, 177 F.3d 1022, 1027 (D.C. Cir. 1999).

Here, the EOUSA, FBI, DEA, and BOP released all reasonably segregable non-exempt material. As the Stearns Declaration adequately states, "[e]ach document was evaluated [by EOUSA] to determine if any information could be segregated and released" and the documents withheld could not be released "without destroying the integrity of the

---

released all non-exempt material and therefore, this issue is moot. *See Crooker v. U.S. State Dep't*, 628 F.2d 9, 10 (D.C. Cir. 1980) ("Once the records are produced the substance of the controversy disappears and becomes moot since the disclosure which the suit seeks has already been made.") (internal citation omitted).

document." Stearns Decl. ¶ 56. Additionally, the Hardy Declaration sufficiently states

that "[e]very effort has been made [by the FBI] to provide plaintiff with all material in the

public domain and with all reasonably segregable portions of releasable material." Hardy

Decl. ¶¶ 22, 53. Further, as the Myrick Declaration adequately explains, "[a]ll responsive

pages were examined [by DEA] to determine whether any reasonably segregable

information could be released" and, with regard to the records withheld in full, the non-

exempt information was inextricably intertwined with the exempt information, such that

redaction would result in incomprehensible document. Myrick Dec. ¶ 104. Finally, as

the declaration of Larry Collins ("Collins Decl.") sufficiently states, plaintiff did not

provide consent of all third parties to the calls for release of their portions of the

conversations, and because BOP does not have the equipment necessary to edit digitally

stored recordings, the "withheld recordings of telephone conversations cannot be

segregated and release of the unedited recordings would result in an unwarranted

invasion of personal privacy of other individuals." Collins Decl. ¶¶ 39, 41.

   In the absence of contrary evidence or specific cites to potentially unsegregated

documents, the declarations are afforded the presumption of good faith.[12] *See SafeCard*

*Servs.*, 926 F.2d at 1200. The *Vaughn* indices, declarations, and annotations identify the

---

[12] Plaintiff cites as an example of DEA's failure to segregate, the 762 pages withheld by
DEA. *See* Pl.'s Opp'n at ¶¶ 146, 205. Although plaintiff contends the documents solely
belong to him, plaintiff provides no support for his contention. *Id.* The Myrick
Declaration, which lists the exemptions claimed for each document, together with Ms.
Myrick's description of the documents, are sufficient for this Court to assess whether
Defendant has properly invoked the exemptions. *See* infra Sec. IV. This Court finds,
therefore, that plaintiff has failed to provide evidence controverting the Myrick
Declaration's claims.

exemptions claimed for each individual document and indicate that any information that could be segregated, was released. Therefore, I easily find that all reasonably segregable non-exempt material has been released.

## V.   FOIA and Privacy Act Exemptions

Under the law of our Circuit, "[i]f an agency's statements supporting exemption contain reasonable specificity of detail as to demonstrate that the withheld information logically falls within the claimed exemption and evidence in the record does not suggest otherwise, . . . the court should not conduct a more detailed inquiry." *Larson*, 565 F.3d at 865. Here, plaintiff challenges defendant's invocation of FOIA Exemptions 2, 3, 5, 6, 7(A), 7(C), 7(D), 7(E), and 7(F), and Privacy Act Exemption j(2).[13]  Plaintiff fails, however, to put forth any evidence to counter the detailed explanations regarding these claimed exemptions included in the *Vaughn* indices and declarations. Therefore, based on the *Vaughn* indices, Myrick Declaration, and Hardy Declaration, this Court finds, for the following reasons, that defendant's justifications for invoking these FOIA exemptions are sufficient under the law of our Circuit. *See id.* at 862.

### A.  FOIA Exemption 2

Exemption 2 shields from disclosure information that is "related solely to the

---

[13] Plaintiff also challenges DEA's withholding of four pages of sealed records. Myrick Decl. ¶ 73. Plaintiff contends that pages 1284-88 consist of one document, which he concedes was correctly withheld by DEA. Pl.'s Opp'n ¶ 153. However, plaintiff notes that DEA refers to "documents" withheld; therefore, plaintiff challenges the withholding of any pages beyond pages 1284-88. *Id.* The only pages under seal withheld by DEA are pages 1284-88, which consist of the government's motion for downward departure and a memorandum in support of that motion. Myrick Decl. ¶ 73. I thus believe that plaintiff mistakenly considers those two documents as one document. Because plaintiff concedes that DEA properly withheld pages 1284-88, no challenge remains.

internal personnel rules and practices of an agency." 5 U.S.C. § 552(b)(2).  DEA asserted

Exemption 2 to protect the release of the following:  Geographical Drug Enforcement

Program ("G-DEP") identifier codes, NADDIS numbers, and internal phone and fax

numbers of DEA employees.  *See* Myrick Decl. ¶ 83; DEA *Vaughn* Index Doc. Nos. 1-2,

17-312, 564-65, 751, 790-828, 837-48, 853-919, 922-23, 933-93, 1001, 1003, 1012,

1020-24, 1028-38.  As other judges in our court have concluded previously, G-DEP,

NADDIS, telephone, and fax numbers are properly withheld pursuant to Exemption 2.

*See Wilson v. Drug Enforcement Admin.*, 414 F. Supp. 2d 5, 12-13 (D.D.C. 2006); *Ray v.*

*FBI*, 441 F. Supp. 2d 27, 33 (D.D.C. 2006).

   *B.  FOIA Exemption 3*

   Exemption 3 allows an agency to withhold information otherwise exempted by

statute.  5 U.S.C. § 552(b)(3).  The EOUSA withheld information based on Rule 6(e),

which relates to matters "occurring before the grand jury."  Fed. R. Crim. P. 6(e).

Information can be withheld under Rule 6(e) if "disclosure would tend to reveal some

secret aspect of the grand jury's investigation[,] such matters as . . . the strategy or

direction of the investigation."  *Stolt-Nielsen Transp. Grp. Ltd. v. United States*, 534 F.3d

728, 732 (D.C. Cir. 2008) (citations omitted).

   EOUSA asserted Exemption 3 (in combination with Exemptions 5, 6, 7(c), and

7(d)) to protect grand jury records that are prohibited from release pursuant to Rule 6(e).

*See* EOUSA's *Vaughn* Index, Doc. 24.  The Stearns Declaration clearly states that the

material withheld consists of "grand jury transcripts and attorney notes associated with a

grand jury proceeding," the release of which "would reveal the scope of the grand jury

12

and the direction of the investigation by providing the identities of the targets of the investigation, the source of the evidence, as well as the actual evidence produced before the grand jury." Stearns Decl. ¶¶ 36-37. Because the release of such information is prohibited, I conclude that EOUSA properly withheld the grand jury records under Exemption 3.

The FBI withheld records consisting of intercepted communications, which are specifically protected from disclosure by Title III of the Omnibus Crime Control and Safe Streets Act of 1968 ("Title III"), 18 U.S.C. § 2510-2520. *See* Hardy Decl. ¶ 32 ("Information withheld includes telephone subscriber information and names of targeted individuals for the Title III intercepts."). Because Exemption 3 allows the withholding of information relating to the lawful interception of communications by the FBI pursuant to Title III, the FBI properly withheld the records under Exemption 3. *Delviscovo v. FBI,* 903 F. Supp. 1, 2 (D.D.C. 1995); *see Lam Lek Chong v. U.S. Drug Enforcement Admin.,* 929 F.2d 729, 733 (D.C. Cir. 1991).

### C. *FOIA Exemption 5*

FOIA Exemption 5 exempts from disclosure "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). To qualify for this exemption, a document "must fall within the ambit of a privilege against discovery under judicial standards that would govern litigation against the agency that holds it." *Dep't of the Interior v. Klamath Water Users Protective Ass'n,* 532 U.S. 1, 8 (2001). Courts have incorporated certain civil discovery privileges into Exemption 5, such as attorney-work

13

product and the "deliberative process" privilege. *See Nat'l Labor Relations Bd. v. Sears, Roebuck & Co.*, 421 U.S. 132, 148-49 (1975); *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 862 (D.C. Cir. 1980). Here, EOUSA asserts attorney-work product for documents 4-13, 15, 17-20, and 22-24; and deliberative process privilege for documents 5, 13, 15, 17-20, and 22-24. *See* EOUSA *Vaughn* List.

The attorney-work product doctrine protects records prepared by or for an attorney in anticipation of litigation. *See Hickman v. Taylor*, 329 U.S. 495, 509-10 (1947); *Coastal States Gas Corp.*, 617 F.2d at 864. The materials disclosed by EOUSA were prepared by or at the request of an Assistant U.S. Attorney in anticipation of or during litigation of plaintiff's criminal case.[14] Stearns Decl. ¶ 40. As clearly stated by the Stearns Declaration, the materials were withheld to protect records reflecting "such matters as trial preparation, trial strategy, interpretations, and personal evaluations and opinions pertinent to Plaintiff's criminal case." *Id.* Thus, EOUSA properly withheld these materials pursuant to Exemption 5.

The deliberative process privilege exempts from disclosure documents containing

---

[14] Plaintiff contends EOUSA has falsely asserted Exemption 5. Plaintiff cites to a two-page unsigned letter dated June 14, 2005 written by AUSA Laura P. Tayman, which EOUSA withheld under Exemption 5. *See* Pl.'s Opp'n ¶ 32; EOUSA Vaughn Index, Doc. 4. Plaintiff contends this letter falsely was withheld because AUSA Tayman had sent a copy of that same letter to Plaintiff. *See* Pl.'s Opp'n ¶ 32, Pl. Ex. 46. However, the letter Plaintiff received was a final, signed version of the letter, whereas EOUSA withheld an unsigned, draft of the letter. *See* EOUSA Vaughn Index, Doc. 4. Plaintiff is not entitled under Exemption 5 to that draft. Plaintiff further contends that an e-mail falsely was withheld under Exemption 5 because it was written after Plaintiff was convicted. Pl.'s Opp'n ¶ 32. The e-mail, however, pertains to continued litigation, specifically Plaintiff's pending post-conviction motion, and was not withheld pursuant to Exemption 5. *See* EOUSA Vaughn Index, Doc. 21.

deliberations comprising part of a process by which governmental decision and policies are made so long as they are "predecisional." *See Klamath*, 532 U.S. at 8; *Sears*, 421 U.S. at 151-53. EOUSA asserted the deliberative process privilege to protect a witness immunity request, handwritten attorney's notes, a warrant affidavit, a property list, a case timeline, and attorney correspondence, all of which "contain pre-decisional and deliberative information related to matters that were being considered by the USAO and other federal and state agencies for possible criminal action against Plaintiff." Stearns Decl. ¶ 41; *see* EOUSA *Vaughn* Index Doc. Nos. 5, 13, 15, 17-20, 22-24. As sufficiently stated by the Stearns Declaration, "[d]isclosure would jeopardize the candid and comprehensive discussions that are essential for efficient and effective agency decision-making" with respect to litigation strategy. Stearns Decl. ¶ 41. Therefore, EOUSA properly invoked Exemption 5 to protect these records.

   *D. FOIA Exemption 7(A)*

   DEA withheld information under FOIA exemption 7(A), which protects from disclosure "records or information compiled for law enforcement purposes" if disclosure "could reasonably be expected to interfere with enforcement proceedings." 5 U.S.C. § 552(b)(7)(A). To justify withholding information pursuant to Exemption 7(A), the agency must demonstrate that "disclosure (1) could reasonably be expected to interfere with (2) enforcement proceedings that are (3) pending or reasonably anticipated." *Mapother v. U.S. Dep't of Justice*, 3 F.3d 1533, 1540 (D.C. Cir. 1993).

   Here, DEA invoked Exemption 7(A) (in conjunction with Exemptions 2, 7(C), 7(D), and 7(F)) to protect from disclosure information relating to file number GW-02-

0032.  *See* Myrick Decl. ¶ 81; DEA *Vaughn* Index, Page Nos. 313-563, 566-750, 752-84,

787-89, 829-36, 849-52, 920-21, 924-32, 1017-18, 1039-1283, 1289, and 1305-14.  That

file is a criminal investigative record compiled pursuant to DEA's law enforcement

authority, *see* 21 U.S.C. § 801, *et. seq*., and consists of criminal law investigations of

plaintiff and third parties.  *See* Myrick Decl. ¶¶ 78-79.  The file relates to an open

proceeding—specifically, a co-defendant's pending criminal appeal.  Myrick Decl. ¶¶ 80-

81.  For purposes of Exemption 7(A), a pending appeal of a criminal conviction qualifies

as an ongoing law enforcement proceeding.  *See Kidder v. FBI*, No. 05-1094, 2007 WL

1020784, at *8 (D.D.C. Mar. 29, 2007); *Kansi v. U.S. Dep't of Justice*, 11 F. Supp. 2d 42,

44 (D.D.C. 1998).  Further, because co-defendant's conviction is *not* final, disclosure of

the withheld materials could reasonably be expected to interfere with the ongoing

criminal proceeding.  As the Myrick Declaration clearly states, disclosure of details from

the withheld material "would reveal the scope, direction, nature and pace of the

investigation as well as reveal information that could harm the government's prosecution

in the criminal appellate process."  Myrick Decl. ¶ 81.  "If the information is released, the

individuals who are of investigative interest in this case could use the information to

develop alibis, create factitious defenses or intimidate, harass or harm potential

witnesses."  *Id*.; *see Kansi*, 11 F. Supp. 2d at 44 ("The potential for interference with

witnesses and highly sensitive evidence that drives the 7(A) exemption exists at least

until [the] conviction is final.") (internal citations omitted).

Therefore, because the file was created for law enforcement purposes and

disclosure of the withheld information could reasonably be expected to interfere with a

pending law enforcement proceeding, DEA has properly asserted Exemption 7(A).

### E. FOIA Exemption 7(C)[15]

Exemption 7 applies to "records or information compiled for law enforcement purposes," if disclosure of such records would lead to one of various enumerated harms. 5 U.S.C. § 552(b)(7).  Exemption 7(C), in particular, protects information that "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C).  Thus, in determining the applicability of Exemption 7(C), the Court must balance the interests advanced by FOIA's disclosure requirements against the privacy interests of the individuals mentioned in the records. *Beck v. U.S. Dep't of Justice*, 997 F.2d 1489, 1491 (D.C. Cir. 1993).  "Because the FOIA is concerned with the right of the general public to know what their government is up to, the identity and interest of the party requesting the document are irrelevant to this balancing." *Mays v. DEA*, 234 F.3d, 1324, 1327 (D.C. Cir. 2000).  This applies equally to individuals, like plaintiff, seeking information to challenge a criminal conviction. *See Willis v. U.S. Dep't*

---

[15] Both Exemption 7(C) and Exemption 6 protect individual's privacy interest, when balanced against the public interest in disclosure. Accordingly, the Sterns and Hardy Declarations makes clear that all information withheld under Exemption 6 is also withheld under Exemption 7(C). *See* Stearns Decl. ¶ 47; Hardy Decl. ¶ 37. Further, plaintiff's challenges to Exemption 6 are combined with his challenges to Exemption 7(C). Pl. Opp'n ¶¶ 35, 77.  Therefore, because the analysis under both is also the same, *see Durrani v. U.S. Dep't of Justice*, 607 F. Supp. 2d 77, 90, n.4 (D.D.C. 2009), this Court will only undertake an analysis under Exception 7(C).

*of Justice*, 581 F. Supp. 2d 57, 76 (D.D.C. 2008); Pl.'s Opp'n ¶¶ 13-15, 26, 60, 95, 97.

Here, EOUSA, FBI, DEA, and BOP asserted Exemption 7(C) to withhold

information clearly compiled for "law enforcement purposes." *See* 5 U.S.C. § 552(b)(7);

EOUSA *Vaughn* Index, Docs. 1-3, 5-24; Hardy Decl. ¶ 42-46; Myrick Decl. ¶ 92; Collins

Decl. ¶ 38.  The declarations state that information withheld under Exemption 7(C)

relates to the identity of third parties, special agents, government employees, and local

law enforcement personnel who participated in the investigation and prosecution of

plaintiff's case.  Stearns Decl. ¶¶ 43-44; Hardy Decl. ¶¶ 38, 43, 45; Myrick Decl. ¶ 92;

Collins Decl. ¶ 38.  It is well settled that these individuals have a substantial interest in

their anonymity.  *Nation Magazine v. U.S. Customs Serv.*, 71 F.3d 885, 893-96 (D.C. Cir.

1995); *Coleman v. FBI*, 13 F. Supp. 2d 75, 80 (D.D.C. 1998).  As there is no public

interest asserted by plaintiff that outweighs such a substantial privacy interest, *see Mays*,

234 F.3d at 1327, defendant correctly withheld the information under Exemption 7(C).[16]

*F. FOIA Exemption 7(D)*

Exemption 7(D) protects "the identity of a confidential source," if the information

---

[16] Plaintiff contends that certain documents should be released because he is aware of the identities of some of the parties involved. *See* Pl.'s Opp'n ¶¶ 38, 41, 78, 162. "The fact that the requester might be able to figure out the individuals' identities through other means or that their identities have been disclosed elsewhere does not diminish their privacy interests for purposes" of Exemption 7. *Judicial Watch, Inc. v. FBI*, 2001 WL 35612541, at *6 (D.D.C. 2001) (internal citation omitted); *Weisberg v. Dep't of Justice*, 745 F.2d 1476, 1491 (D.C. Cir. 1984). While public disclosure of documents may lead to the waiver of the FOIA exemption, the plaintiff bears the initial burden of showing that the requested information:  (1) is as specific as the information previously disclosed; (2) matches the information previously disclosed; and (3) was made public through an official and documented disclosure. *See Cottone v. Reno*, 193 F.3d 550, 554 (D.C. Cir. 1999); *Fitzgibbon v. CIA*, 911 F.2d 755, 765 (D.C. Cir. 1990).  Plaintiff has failed to meet this burden.

was furnished on a confidential basis, and "information furnished by a confidential source," if compiled by a law enforcement authority during the course of a criminal investigation. 5 U.S.C. § 552(b)(7)(D). As FOIA exemptions must be narrowly construed, an agency is not entitled to a presumption of confidentiality with respect to its sources. *U.S. Dep't of Justice v. Landano*, 508 U.S. 165, 181 (1993). The exemption's applicability, therefore, "depends upon whether the particular source who furnished the information at issue was granted confidentiality, either expressly or by implication." *Mays*, 234 F.3d at 1328.

Here, there is no question that the information provided by the FBI was compiled for law enforcement purposes, by a criminal law enforcement authority, and during the course of a criminal investigation. Plaintiff, however, contends that the defendant has failed to provide information sufficient for this Court to determine whether the information was provided by a confidential source and on a confidential basis, either expressly or by implication.[17] Pl. Opp'n ¶¶ 45, 50, 91, 169. I disagree.

Here, EOUSA, FBI, and DEA asserted Exemption 7(D) to protect the identities of confidential informants and the information they provided to law enforcement officers. Stearns Decl. ¶¶ 53-54; *see EOUSA Vaughn* Index Doc. Nos. 5-12, 19, 24; Hardy Decl. ¶¶ 48-49; Myrick Decl. ¶¶ 93, 97. Of the third parties who provided information to

---

[17] Plaintiff also asserts that the documents were improperly withheld because some of the confidential informants have been revealed. *See* Pl.'s Opp'n ¶ 87. This argument, however, is irrelevant to this analysis. What is dispositive is whether the source understood that the information provided would be kept confidential at the time the information was disclosed. *See Landano*, 508 U.S. at 172; *Sellers v. U.S. Dep't of Justice*, 684 F. Supp. 2d 149, 162 (D.D.C. 2010).

EOUSA, FBI, and DEA, some provided information pursuant to an express assurance of confidentiality, while others provided information under circumstances supporting an inference of an assurance of confidentiality.  Stearns Decl. ¶ 53; Hardy Decl. ¶ 48; Myrick Decl. ¶ 93.

With respect to information withheld based on an express grant of confidentiality, the Stearns and Myrick Declarations, along with the *Vaughn* Indices, refer to notations on the withheld documents—specifically the EOUSA's "CI" notation and the DEA confidential informant code.  *See* Stearns Decl. ¶ 53; EOUSA *Vaughn* Index; Myrick Decl. ¶ 94; DEA *Vaughn* Index.  Such notations provide probative evidence that the source received an express grant of confidentiality.  *See Mays v. DEA*, 234 F.3d 1324, 1328-29 (D.C. Cir. 2000) (internal quotation marks omitted).

With respect to information withheld based on an implied grant of confidentiality, the Stearns Declaration explains that the third parties "supplied information to law enforcement officers in connection with drug distribution which is characterized as violent."  Stearns Decl. ¶¶ 52-53.  Similarly, the FBI's and DEA's informants provided information regarding plaintiff's illicit drug activities and were provided implied assurances of confidentiality for doing so.  Hardy Decl. ¶ 48; Myrick Decl. ¶¶ 95-96.  This Court has noted that that "[t]he nature of the crime investigated and informant's relation to it are the most important factors in determining whether implied confidentiality exists."  *Amuso v. U.S. Dep't of Justice*, 600 F. Supp. 2d 78, 100 (D.D.C. 2009).  The "violence and risk of retaliation attendant to drug trafficking warrant an implied grant of confidentiality to a source who provides information to investigators."

*Lasko v. U.S. Dep't of Justice*, 684 F. Supp. 2d 120, 134 (D.D.C. 2010); *see Mays*, 234

F.3d at 1331.  It is reasonable to conclude that these sources disclosed information in

confidence due to the fear of reprisal.  *See Mays*, 234 F.3d at 1329.  Therefore, EOUSA,

FBI, and DEA properly withheld documents pursuant to Exemption 7(D).

    *G.  FOIA Exemption 7(E)*

    Exemption 7(E) protects from disclosure law enforcement records to the extent

that their production "would disclose techniques and procedures for law enforcement

investigations or prosecutions, or would disclose guidelines for law enforcement

investigations or prosecutions if such disclosure would reasonably be expected to risk

circumvention of the law."  5 U.S.C. § 552(b)(7)(E); *see U.S. Dep't of Commerce*, 337 F.

Supp. 2d at 181 ("[E]ven commonly known procedures may be protected from disclosure

if the disclosure could reduce or nullify their effectiveness.") (internal citation omitted).

FBI properly applied this exemption to protect law enforcement techniques and

procedures that relate to the identification and contents of the FBI databases.  Hardy

Decl. ¶¶ 51-52.  Hardy provides a reasonable explanation for why disclosure of such

information could impede investigations.  *See id.* ¶ 52.  Further, "longstanding

precedent" of this Court and our Court of Appeals supports FBI's withholding.  *Sussman*

*v. U.S. Marshals Serv.*, 494 F.3d 1106, 1112 (D.C. Cir. 2007) (citing *Blanton v. Dep't of*

*Justice*, 64 F. App'x 787, 788-89 (D.C. Cir. 2003); *see U.S. Dep't of Commerce*, 337 F.

Supp. 2d at 181 ("Exemption 7(E) affords categorical protection for techniques and

procedures used in law enforcement investigations or prosecutions.") (citations and

internal quotation marks omitted).  Therefore, the FBI properly withheld two pages of

documents pursuant to Exemption 7(E).

*H. FOIA Exemption 7(F)*

Finally, the DEA withheld information under Exemption 7(F), which protects from disclosure information that "could reasonably be expected to endanger the life or physical safety of any individual." 5 U.S.C. § 552(b)(7)(F).  The DEA has asserted this exemption (in combination with Exemptions 7(C) and 7(D)) to protect the identities of special agents, law enforcement officers, government employees, and confidential sources of information because these individuals may be subject to physical attacks or other threats to their lives if their identities are revealed.[18]  *See* Myrick Decl. ¶ 98-102.  Therefore, the DEA properly applied Exemption 7(F) to protect the physical safety of these individuals.[19]  *See Linn v. U.S. Dep't of Justice.*, No. 92-1406, 1995 WL 417810, at *12 (D.D.C. June 6, 1995) (holding that identities of law enforcement were properly withheld to protect from physical harm) (citing *Albuquerque Publ'g Co. v. Dep't of Justice*, 726 F. Supp. 851, 858 (D.D.C. 1989)); *Jimenez v. F.B.I.*, 938 F. Supp. 21 (D.D.C. 1996) (holding that identities of confidential informants, special agents, and government officials were properly withheld because their release could result in physical attacks.").

*I. Privacy Act Exemption j(2)*

Exemption j(2) allows an agency "to exempt any system of records within the

---

[18] Plaintiff contends that certain documents should be released because he is aware of the identities of some of the parties involved. Pl.'s Opp'n ¶ 170. *See supra* n.16.

[19] Even if Exemption 7(F) had been improperly applied, DEA had properly withheld these documents pursuant to Exemptions 7(C) and 7(D). *See supra* pp. 31, 34.

agency . . . if the system of records is . . . maintained by an agency . . . which performs as its principal function any activity pertaining to the enforcement of criminal laws." 5 U.S.C. § 552a(j)(2).  With respect to the FBI, the records at issue here are found in the FBI's Central Records System and relate to the FBI's criminal drug investigation of plaintiff.  Hardy Decl. ¶ 24.  Accordingly, the FBI's application of Exemption (j)(2) to these records is appropriate.  Similarly, with respect to DEA, the records at issue are found in DEA's IRFS and relate to DEA's criminal drug investigation of plaintiff.  Myrick Decl. ¶¶ 75, 78-79.  Accordingly, the DEA's application of Exemption (j)(2) to these records is appropriate.  Further, with respect to EOUSA, the criminal case files at issue here are contained in a Privacy Act System of Records and relate to EOUSA's enforcement of criminal law and criminal drug investigation of Plaintiff.  Stearns Decl. ¶¶ 28-29; *see also* 28 C.F.R. § 16.81 (exempting U.S. Attorney's criminal files from disclosure).  Accordingly, the EOUSA's application of Exemption (j)(2) to these files is appropriate.[20]

---

[20] Under FOIA, a plaintiff that has "substantially prevailed" is entitled to an award of fees and costs incurred in litigating the case. *See* 5 U.S.C. § 552(a)(4)(E)(i).  Plaintiff has not "substantially prevailed," and, therefore, is not entitled to attorney's fees. Further, FOIA does not award attorney's fees to a *pro se* non-attorney plaintiff. *Benavides v. Bureau of Prisons*, 993 F.2d 257, 260 (D.C. Cir. 1993); *Strunk v. U.S. Dep't of Interior*, 752 F. Supp. 2d 39, 45 (D.D.C. 2010).  As to Plaintiff's other claims for damages and a finding of arbitrary and capricious, they are unavailing.

## CONCLUSION

For all of the foregoing reasons, the Court GRANTS defendants' Motion for Summary Judgment [#16] and DENIES plaintiff's Cross-Motion for Partial Summary Judgment [#26].  An Order consistent with this decision accompanies this Memorandum Opinion.

RICHARD J. LEON
United States District Judge