**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DICKINSON N. ADIONSER, | ) |
| | ) |
| Plaintiff, *pro se*, | ) |
| | ) |
| v. | ) Civil Case No. 10-27 (RJL) |
| | ) |
| DEPARTMENT OF JUSTICE et al., | ) |
| | ) |
| Defendants. | ) |

FILED

MAR 2 8 2014

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

**MEMORANDUM OPINION**
(March **28**, 2014) [Dkt. ##81, 91]

    This is yet the latest chapter in the ongoing saga of plaintiff Dickinson Adionser's litigation under the Freedom of Information Act ("FOIA") against the Drug Enforcement Administration ("DEA"). In September 2011, I granted summary judgment in favor of the DEA and other agency defendants, finding that various FOIA and Privacy Act exemptions allowed them to withhold certain documents from plaintiff. *See Adionser v. U.S. Dep't of Justice*, 811 F. Supp. 2d 284 (D.D.C. 2011) [Dkt. #47]. That decision was summarily affirmed on appeal, but the case was remanded so I could address new factual and legal circumstances. *See Adionser v. U.S. Dep't of Justice*, No. 11-5093, 2012 WL 5897172, at *1–2 (D.C. Cir. Nov. 5, 2012) [Dkt. #65], *cert. denied*, 134 S. Ct. 141 (2013). And so I will.

    First, as part of its motion for summary affirmance on all other claims, the government notified our Court of Appeals that "the criminal appeal serving as the basis for invocation of [FOIA] Exemption 7(A) ha[d] concluded," thus necessitating a remand

for me to consider whether other exemptions cover the documents previously withheld on Exemption 7(A) grounds. Appellees' Mot. for Partial Summ. Affirmance at 1–2 [D.C. Cir. Doc. #1376750]; *see Adionser*, 2012 WL 5897172, at *1. Second, the court on its own motion directed me to consider, "in light of the Supreme Court's recent decision in *Milner [v. Department of the Navy]*, 131 S. Ct. 1259 [(2011)]," whether FOIA Exemption 7(E) applies to the DEA's Geographical Drug Enforcement Program ("G-DEP") codes previously withheld under Exemption 2. *Adionser*, 2012 WL 5897172, at *2. Adionser and the DEA have both moved for summary judgment on these two issues, and I will address them in turn. *See* Def.'s Mot. for Summ. J. ("Def.'s Mot.") [Dkt. #81]; Pl.'s Cross Mot. for Summ. J. ("Pl.'s Cross Mot.") [Dkt. #90].[1]

## ANALYSIS

### A.    G-DEP Codes Withheld Under FOIA Exemption 7(E)

I begin with the second issue because it is discrete and simple. According to the DEA's Fourth Declaration of Katherine L. Myrick ("Fourth Myrick Decl.") [Dkt. #81-3], and the attached Vaughn Index (Ex. B to Fourth Myrick Decl.) [Dkt. #81-5]—which I find are sufficiently specific and detailed to warrant the same reliance that I and the Court of Appeals afforded the government's previous declarations and indices, *see Adionser*, 811 F. Supp. 2d at 292–93; *Adionser*, 2012 WL 5897172, at *1—the G-DEP codes were the only things withheld under Exemption 7(E). *See* Fourth Myrick Decl. ¶ 28. But plaintiff now says "he is not interested in any G-DEP codes." Pl.'s Cross Mot. at 34. On

---

[1] For the full factual background of this case and a discussion of the legal standard that applies to my analysis, see *Adionser*, 811 F. Supp. 2d at 290–92.

that ground alone, I grant summary judgment in the DEA's favor on Exemption 7(E).

The DEA's affidavit goes on to explain how G-DEP codes "identify priority given to narcotic investigations, types of criminal activities involved, and violator ratings," which suspects could "decode . . . and as a result, change their pattern of drug-trafficking in an effort to respond to what they determined DEA knows about them, develop enforcement countermeasures, avoid detection and apprehension, created excuses for suspected activities, and/or create alibis for suspected activities." Fourth Myrick Decl. ¶ 28. Even assuming the DEA did "release Adionser's G-DEP code 'XCHIR' to [him] and his co-defendants in 2003," Pl.'s Cross Mot. at 34, plaintiff does not seriously challenge the DEA's assertion that further disclosure of the codes "would disclose techniques[,] procedures . . . [and] guidelines for law enforcement investigations or prosecutions" that "could reasonably be expected to risk circumvention of the law." 5 U.S.C. § 552(b)(7)(E); Fourth Myrick Decl. ¶ 29; *see also Am. Immigration Lawyers Ass'n v. U.S. Dep't of Homeland Sec.*, 852 F. Supp. 2d 66, 78 (D.D.C. 2012) ("While Exemption 7(E)'s protection is generally limited to techniques or procedures that are not well-known to the public, even commonly known procedures may be protected from disclosure if the disclosure could reduce or nullify their effectiveness."). I therefore find that the DEA properly asserted Exemption 7(E).

## B. Information Withheld Under FOIA Exemptions 7(C), 7(D), and 7(F) and Privacy Act Exemption (j)(2)

The rest of the information at issue—which had initially been withheld pursuant to Exemption 7(A)—is now being withheld under FOIA Exemptions 7(C), 7(D), and 7(F),

and Privacy Act Exemption (j)(2). *See* 5 U.S.C. §§ 552(b)(7)(C), (D), (F); 552a(j)(2).

Plaintiff's arguments concerning these documents are similar, if not identical, to the ones

he made in his initial summary judgment briefing, so the analyses the follow are

essentially abbreviated versions of the ones set forth in my previous opinion. In short, I

find that the Fourth Myrick Declaration and the attached *Vaughn* Index adequately

support the DEA's application of these exemptions to the 753 pages of documents the

DEA processed following our Circuit Court's remand.

 First, Exemption 7(C) covers any "records or information compiled for law

enforcement purposes," the production of which "could reasonably be expected to

constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). In

determining whether the exemption applies, the Court must "balance the privacy interests

that would be compromised by disclosure against the public interest in release of the

requested information." *Beck v. U.S. Dep't of Justice*, 997 F.2d 1489, 1491 (D.C. Cir.

1993) (internal quotation marks omitted). The Fourth Myrick Declaration explains that

"[m]uch of the documents in investigative case file number GW-02-0032 contain names

and other identifying information which would reveal the identity of and disclose

personal information about third-party individuals who were involved or associated with

the plaintiff or otherwise associated with the criminal investigation." Fourth Myrick

Decl. ¶ 15. The information relates to "witnesses, suspects, criminal associates, non-

implicated individuals, and law enforcement officers and support personnel," *id.*, and it

includes their addresses, financial account information, birth dates, Social Security

4

Numbers, and driver's license numbers, *id.* ¶ 17.

Plaintiff has not asserted any public interest substantial enough to outweigh the grave privacy and safety concerns implicated by his request for this information. *See id.* ¶¶ 18–21; *see also Graff v. FBI*, 822 F. Supp. 2d 23, 33 (D.D.C. 2011) ("Exemption 7(C) imposes a special burden on the requester to specify the public interest justification for disclosure of the requested records." (citing *Nat'l Archives & Records Admin. v. Favish*, 541 U.S. 157, 172 (2004))); *see also Boyd v. Criminal Div. of U.S. Dep't of Justice*, 475 F.3d 381, 387 (D.C. Cir. 2007). Nor has he produced evidence that anyone has waived the 7(C) Exemption by previously disclosing the same information that he now seeks to obtain. *See Cottone v. Reno*, 193 F.3d 550, 554 (D.C. Cir. 1999); *Geronimo v. Exec. Office of U.S. Att'ys*, C.A. No. 05-1057, 2006 WL 1992625, at \*6 (D.D.C. July 14, 2006) (citing *Fitzgibbon v. CIA*, 911 F.2d 755, 768 (D.C. Cir.1990), and *Davis v. U.S. Dep't of Justice*, 968 F.2d 1276, 1279 (D.C. Cir.1992)). I therefore find that the DEA correctly invoked Exemption 7(C).

Exemption 7(D), meanwhile, covers records or information compiled by law enforcement that "could reasonably be expected to disclose the identity of a confidential source . . . [who] furnished information on a confidential basis," as well as the actual "information furnished by a confidential source." 5 U.S.C. § 552(b)(7)(D). Whether the exemption is applicable "depends upon whether the particular source who furnished the information at issue was granted confidentiality, either expressly or by implication." *Mays v. DEA*, 234 F.3d 1324, 1328 (D.C. Cir. 2000) (citing *U.S. Dep't of Justice v.*

*Landano*, 508 U.S. 165, 172 (1993)). In this case, "[t]he investigation of plaintiff involved multiple confidential sources, thus the responsive investigative records are replete with source-related information." Fourth Myrick Decl. ¶ 24. Some of the informants were "[c]oded informants . . . who have a continuing cooperative association, by signed written agreement, with the DEA," under which "they are expressly assured confidentiality in their identities and the information they provide." *Id.* Others received implied assurances of confidentiality. Plaintiff was convicted of heroin distribution, and "any individuals who provided information about the plaintiff or his associates would fear for their safety if their identities or the information they provided were revealed because violence is inherent in the trade in illicit substances." *Id.* ¶ 26. Accordingly, the informants "spoke with an understanding that the communication would remain confidential." *Landano*, 508 U.S. at 172.[2] Thus, the DEA properly withheld information pursuant to Exemption 7(D).

Under Exemption 7(F), the DEA may withhold any information collected by law enforcement that, if disclosed, "could reasonably be expected to endanger the life or physical safety of any individual." 5 U.S.C. § 552(b)(7)(F). "In general, this exemption has been interpreted to apply to names and identifying information of law enforcement officers, witnesses, confidential informants and other third persons who may be unknown

---

[2] *See also Mays*, 234 F.3d at 1329 ("[T]he cooperating individual supplied information about a conspiracy to distribute crack and powder cocaine. The pertinent question is whether the violence and risk of retaliation that attend this type of crime warrant an implied grant of confidentiality for such a source. They most assuredly do."); *Lasko v. U.S. Dep't of Justice*, 684 F. Supp. 2d 120, 134 (D.D.C. 2010) ("Courts have held that the violence and risk of retaliation attendant to drug trafficking warrant an implied grant of confidentiality to a source who provides information to investigators.").

to the requester." *Brestle v. Lappin*, 950 F. Supp. 2d 174, 184 (D.D.C. 2013). When it is invoked, the reviewing court must consider "whether there is some nexus between disclosure and possible harm and whether the deletions were narrowly made to avert the possibility of such harm." *Id.* at 185.

In this case, the DEA has withheld "identifying information of DEA Special Agents (including supervisory agents), other Federal, state/ local law enforcement officers, confidential sources of information, and supporting DEA employees (to include chemists, laboratory personnel, and evidence custodians)." Fourth Myrick Decl. ¶ 30. As law enforcement personnel—or, in the case of confidential informers, civilians who aided law enforcement in a drug-related case—these people would be put at risk of violence if their identities became public. *Id.* ¶¶ 31–34. This Court has recognized on many occasions that such individuals are entitled to the privacy protection afforded by Exemption 7(F). *See e.g.*, *Diaz v. DEA*, 555 F. Supp. 2d 124, 126 (D.D.C. 2008) (individual who assisted DEA); *Callaway v. U.S. Dep't of Treasury*, C.A. No. 04-1506, 2007 WL 7698581, at *16–17 (D.D.C. Aug. 31, 2007) (law enforcement agents, agency personnel, and informants); *Linn v. U.S. Dep't of Justice*, C.A. No. 92-1406, 1995 WL 417810, at *12 (D.D.C. June 6, 1995) (DEA agents and other law enforcement officers); *Durham v. U.S. Dep't of Justice*, 829 F. Supp. 428, 434 (D.D.C. 1993) (third parties who cooperated with government). Plaintiff has not identified any public interest sufficient to outweigh the DEA's concern for personal safety, so once again, I find that the DEA

properly applied Exemption 7(F) in this case.[3]

Finally, Privacy Act Exemption (j)(2) allows an agency "to exempt [from review under 5 U.S.C. § 552a(d)] any system of records within the agency . . . if the system of records is . . . maintained by an agency or component thereof which performs as its principal function any activity pertaining to the enforcement of criminal laws." 5 U.S.C. § 552a(j)(2). The DEA records at issue here are "maintained in accordance with DEA Investigative Reporting and Filing System (IRFS), JUSTICE/DEA-008, a Privacy Act System of Records," and "DOJ has promulgated and published rules, pursuant to [Exemption (j)(2)], to exempt records contained in IRFS from first party access." Fourth Myrick Decl. ¶ 10 (citing 28 C.F.R. § 16.98(c)(3)). Under the Privacy Act and federal regulation, then, the DEA acted appropriately when it withheld IRFS records of its criminal investigation into plaintiff's drug distribution activities.

## C.    Segregability

"FOIA § 552(b) requires that even if some materials from the requested record are exempt from disclosure, any 'reasonably segregable' information from those documents must be disclosed after redaction of the exempt information unless the exempt portions are 'inextricably intertwined with exempt portions.'" *Johnson v. Exec. Office of U.S. Att'ys*, 310 F.3d 771, 776 (D.C. Cir. 2002) (quoting 5 U.S.C. § 552(b)). Once again, I find that the DEA has met this requirement. Like the defendant in *Johnson*, the DEA in this case "provided [plaintiff] with a comprehensive *Vaughn* index, describing each

---

[3] Even if this exemption were inapplicable, the same information remains covered by Exemptions 7(C) and (D). *Id.* ¶¶ 33–34.

document withheld, as well as the exemption under which it was withheld," in addition to "a supplemental affidavit . . . further address[ing] the issue of segregability." *Id.* The Myrick Declaration explains that all of the withheld documents consisted entirely (or almost entirely) of FOIA-exempt material, such that their redaction would have left only blank pages, plaintiff's name, and similarly worthless information. Fourth Myrick Decl. ¶ 36. Finding no evidence of bad faith or other wrongdoing on the part of the DEA, I am satisfied that it has met its FOIA obligations in all respects.

## CONCLUSION

For all of the foregoing reasons, the DEA's Motion for Summary Judgment [Dkt. #81] is GRANTED, and Adionser's Cross Motion for Summary Judgment [Dkt. #90] is DENIED. An appropriate order shall accompany this Memorandum Opinion.

RICHARD J. LEON
United States District Judge